## DRYDEN v. WYLLIS.

1. **Court:** SPECIAL TERM: BILLS OF EXCEPTIONS. The special term of court authorized by chapter 89, laws of 1878, is a distinct term, and cannot be regarded as a continuation of the preceding regular term for the purposes of settling bills of exceptions under section 2831 of the Code.

*Appeal from Marshall District Court.*

FRIDAY, OCTOBER 22.

THE plaintiff commenced this proceeding in the court below to set aside a judgment obtained by the defendant against him. An order was made vacating the judgment, and ordering a new trial. Defendant appeals.

*J. C. Wyllis* and *P. M. Sutton*, for appellant.

*Caswell & Meeker*, for appellee.

ROTHROCK, J.—The appellee has filed no argument. He relies upon a motion to strike the bill of exceptions from the files, because not signed and filed in time. It appears from the motion and the abstract that the judgment was entered on the 3d day of November, 1879, that being of the regular October term, 1879, of said court.

*1. COURT: special term: bills of exceptions.*

On the 7th day of the same month, it still being of the October term, the court ordered that the bill of exceptions should be settled at an adjourned term in January, 1880. On the 13th of January, 1880, the bill was signed at what is denominated an adjourned term. The regular October term was adjourned, and a regular term of said court was held in Story county, in the same district, before the commencement of the special term in Marshall county, at which the bill of exceptions was signed. The special term was ordered under the provisions of chapter 89, laws of 1878. No consent was given by appellee for any extension of time to settle exceptions.

The motion must be sustained. The special term of court authorized by chapter 89, laws of 1878, is not a continuation of the regular term after an adjournment. It is a distinct term of the court.

Sec. 2831 of the Code, which was in force when the trial was had, requires that the bill of exceptions must be presented to the court for its signature during the term. In resistance of the motion counsel for appellant insist that counsel for appellee was present when the order was made fixing the time for settling the exceptions, and assented thereto. It is scarcely necessary to say that the record should show such assent. Where there is a dispute as to an oral agreement of counsel it cannot be settled by the affidavits of counsel. The record must control. See Code, § 213.

The bill of exceptions being out of the case there is nothing left of record which we can properly consider, and the judgment of the District Court must be

AFFIRMED.